ENTERED
CLERK, U.S. DISTRICT COURT
NOV 16 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV 15 2006
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN BROCKOVICH,<br><br>        Plaintiff(s),<br><br>    v.<br><br>TENET HEALTHCARE CORPORATION, a Nevada corporation; TENET HOSPITALS INC., a Delaware corporation; TENET HEALTHSYSTEM HOSPITALS INC., a Delaware corporation; TENET HEALTHSYSTEM HOLDINGS INC., a Delaware corporation; TENET HEALTHSYSTEM HEALTHCORP, a Delaware corporation; THE HEALTHCARE INSURANCE CORPORATION, a Cayman Islands company; HOSPITAL UNDERWRITING GROUP, INC. a/k/a HUG SERVICES, INC., a Tennessee corporation; and DOES 1 through 250, inclusive,<br><br>        Defendant(s). | CASE NO. CV 06-4542 DOC (MLGx)<br><br>**O R D E R** GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>___ Priority<br>✓ Send<br>___ Clsd<br>✓ Enter<br>✓ JS-5/JS-6<br>___ JS-2/JS-3<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

Before the Court is Defendants Tenet Healthcare Corporation, Tenet Hospitals, Inc., Tenet Healthsystem Hospitals, Inc., Tenet Healthsystem Holdings, Inc., Tenet Healthsystem Healthcorp, The Healthcare Insurance Corporation, and Hospital Underwriting Group, Inc.'s

29

Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). Defendants allege that Plaintiff lacks constitutional standing. After considering the moving, opposing and replying papers, as well as Plaintiff's oral argument, the Court finds that Plaintiff lacks constitutional standing and hereby GRANTS Defendant's Motion under Federal Rule of Civil Procedure 12(b)(1).

## I. BACKGROUND

Plaintiff Erin Brockovich is a California resident suing Defendants on behalf of the United States to recoup conditional Medicare payments. Defendants Tenet Healthcare Corporation, Tenet Hospitals, Inc., Tenet Healthsystem Holdings, Inc., and Tenet Healthsystem Healthcorp (collectively "Tenet") manage and operate hospitals participating in the Medicare program and carries its own professional liability insurance through use of self-insurance plans, self-insurance retentions, and captive insurance subsidiaries. Defendants The Healthcare Insurance Corporation ("THIC") and Hospital Underwriting Group, Inc., which is also known as Hug Services, Inc. ("Hug"), are a wholly or partially owned subsidiaries of Tenet and provides professional liability insurance coverage for Tenet and its subsidiary hospitals.

Medicare is a government program that provides health insurance benefits for persons above 65 years of age, for persons who are disabled, and for persons with end-stage renal disease. 42 U.S.C. § 1395c (2006). In response to the rising costs of Medicare, Congress enacted the Medicare Secondary Payer Act ("MSP"). The MSP designates certain private insurers as "primary payers" and Medicare as a "secondary payer" obligated to pay only for medical services not covered by a beneficiary's private insurance plan. In situations where the primary payer is unable to make payment in a timely manner, Medicare will issue conditional payments with the expectation that it will be reimbursed after determining that the primary payer was liable for the cost. If a primary payer fails to pay or reimburse Medicare, the MSP provides two causes of action. It allows the government to bring an action for double damages against a primary plan and also authorizes private causes of action for Medicare recipients to assist in enforcing the MSP. 42 U.S.C. § 1395y(b).

Plaintiff alleges that Defendants violated the MSP by injuring Medicare beneficiaries and

improperly billing Medicare for the costs associated with the treatment of those injuries. According to Plaintiff, Defendants abused and neglected their Medicare patients, prompting their obligation to pay or reimburse Medicare for treatment of injuries that resulted from Defendants' tortious conduct. Plaintiff brings this action on behalf of the United States for damages and to recover conditional payments. She does not allege that she is a Medicare recipient nor does she claim she was injured by Defendants' conduct. Plaintiff has not asserted that she is over 65 years of age, disabled, or suffering from end-stage renal disease; nor has she alleged that she is eligible to receive Medicare benefits.

## II. DISCUSSION

Defendants allege that Plaintiff lacks constitutional standing to bring this action because she does not claim to have suffered any personal harm resulting from their conduct. Article III, section 2 of the U.S. Constitution limits federal court jurisdiction to the resolution of "cases" and "controversies." Courts use the doctrine of constitutional standing to determine whether a suit involves a case or controversy. *E.g., DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854 (2006); *Lujan v. Defenders of Wildlife*, 405 U.S. 555, 560, 112 S. Ct. 2130 (1992). Constitutional standing is an "essential and unchanging part of the case or controversy requirement of Article III." *Lujan*, 504 U.S. at 560. It entitles a litigant to have his grievance resolved in federal court and reinforces the separation of powers between the three political branches. *Id.* at 559-60; *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858 (2000).

In order to have standing a plaintiff must satisfy three "irreducible constitutional minimum" requirements.

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (citations omitted).

Plaintiff asserted in her Opposition and again at oral argument that the MSP is a *qui tam* statute, and thus she has constitutional standing to bring this action based on the injury to the government. *Qui tam* actions are generally only permitted by statutes explicitly providing a cause of action for private parties to sue on behalf of the government. *See Stevens*, 529 U.S. at 776 (reviewing *qui tam* statutes enacted by the First Congress); *see also Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197 (1975) (noting that person who seeks relief based on third party's legal rights may have standing if Congress has expressly granted a right of action). "There is no common law right to maintain a *qui tam* action; authority must always be found in legislation." *Conn. Action Now, Inc. v. Roberts Plating Co., Inc.*, 457 F.2d 81, 84 (2d Cir. 1972) (citing *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 63 S. Ct. 379 (1942)); *see also Stevens*, 529 U.S. at 776 (finding no evidence of common law *qui tam* suits after reviewing history of *qui tam* actions). Although a statute may grant an express right of action to sue on behalf of the government, *qui tam* plaintiffs must still satisfy Article III standing. *Warth*, 422 U.S. at 501. Even though a *qui tam* plaintiff is not actually injured by a defendant's conduct, *qui tam* plaintiffs can satisfy the constitutional standing requirements through a "partial assignment of the Government's claim." *Stevens*, 529 U.S. at 773-74, 778 (concluding that government's injury in fact suffices to confer standing on *qui tam* plaintiffs under False Claims Act); *see also United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993) (holding that *qui tam* plaintiff has standing to sue based on injury to federal treasury under the False Claims Act).

Plaintiff and Defendants agree that the most notable *qui tam* statute is the False Claims Act ("FCA"). The FCA gives private parties a right to sue on behalf of the government against any person who presents a fraudulent claim for payment to the United States. *See* 31 U.S.C. § 3730. It expressly states that "[a] person may bring a civil action . . . for the person *and for the United States Government.*" 31 U.S.C. § 3730(b) (emphasis added).

Unlike the FCA, the MSP does not expressly authorize a private person to sue on behalf of the government. Rather, it provides two distinct causes of action for violation of the statute. The first one provides a right of action by the United States to recover payments from primary

payers. *See* 42 U.S.C. § 1395y(b)(20(B)(iii). It specifically states that "the United States may bring an action against any or all entities that are or were required or responsible to make payment . . . under a primary plan." 42 U.S.C. § 1395y(b)(2)(B)(iii). In a separate subsection, the MSP provides a cause of action for private parties where the primary plan fails to pay for services or reimburse the government. 42 U.S.C. § 1395y(b)(3). No language under the plain reading of the statute permits a private party to sue on behalf of the government. Therefore, Plaintiff lacks constitutional standing to bring this action.

In addition, there is no evidence to suggest that Congress intended for the MSP to be a *qui tam* statute. The MSP was amended to include a private cause of action during the same month and year that the FCA was amended to include the *qui tam* provision. *See* Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99-509, § 9319, 100 Stat. 1874 (1986); False Claims Amendments Act of 1986, Pub. L. No. 99-562, 100 Stat. 3153 (1986). The MSP's private cause of action provision was approved ten days after the FCA amendments. *See* 1986 U.S.C.C.A.N. 3868, 5266 (1986). "Obviously, then, when Congress wished to provide a [*qui tam* remedy], it knew how to do so and did so expressly." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 572, 99 S. Ct. 2479 (1979); *see also TransAmerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20-21, 100 S. Ct. 242 (1979) (holding that express private damages remedy contained in one statute and not in a related statute "strongly suggests" against inferring a private cause of action). Thus, recognizing the MSP as a *qui tam* statute would be contrary to Congress's apparent intent since it enacted the MSP contemporaneously with the FCA.

Moreover, Congress, in enacting the *qui tam* provisions in the FCA, ensured that the executive branch had sufficient control of the *qui tam* actions in accord with the Take Care Clause of Article II, which requires the executive branch to "take Care that laws be faithfully executed." U.S. Const. art. II, § 3. The Ninth Circuit has held that the *qui tam* provisions do not interfere with the executive branch's authority to enforce the laws. *See Kelly*, 9 F.3d at 752. The FCA provides procedural safeguards that afford the government some control in *qui tam* suits initiated by private parties. Specifically, the FCA requires that *qui tam* plaintiffs provide the government a copy of the complaint and other material information, allows the government

to intervene and take over the action, to move for dismissal, and to request a judicial stay if a *qui tam* plaintiff's suit interfered with government investigations. 31 U.S.C. § 3730(c). In contrast, the MSP provides no such procedural safeguards. The MSP only provides for a government cause of action and a private cause of action; two separate causes of action. These two provisions cannot be conflated to read the MSP as a *qui tam* statute. Therefore, Plaintiff has no standing to bring this action on behalf of the United States.

## III. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss. Because these deficiencies in the Complaint could not possibly be cured by amendment, *see Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996), the Court DISMISSES WITH PREJUDICE Plaintiff's Complaint.

IT IS SO ORDERED.

DATED: November 15, 2006

_____
DAVID O. CARTER
United States District Judge