Name WILKES & McHUGH, P A.
Address 500 Silver Spur Road, Suite 200
City, State, Zip Rancho Palos Verdes, CA 90275
Phone (310) 406-3003
Fax (310) 406-3005
E-Mail jmorgan@wilkesmchugh.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☐ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ERIN BROCKOVICH, on behalf of the United States of America,<br><br>PLAINTIFF(S),<br>v.<br>TENET HEALTHCARE CORPORATION, et al.<br><br>DEFENDANT(S). | CASE NUMBER:<br><br>CV06-4542-DOC (MLGx)<br><br>**NOTICE OF APPEAL** |
|---|---|

NOTICE IS HEREBY GIVEN that _____ERIN BROCKOVICH_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

Entered in this action on _____11/15/2006_____.

A copy of said judgment or order is attached hereto.

**Civil Matter**

☒ Order (specify):
  Order Granting Defendants Motion to Dismiss

☐ Judgment (specify):

☐ Other (specify):

I HEREBY CERTIFY THAT THIS DOCUMENT WAS ~
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL ~
(OR PARTIES) AT THEIR RESPECTIVE, MUST REC~
RECORD, IN THIS ACTION, ON THIS DATE
DATED: 12/8/06
DEPUTY CLERK

December 4, 2006          James M. Morgan    /s/ M Mgn
Date                      Signature
                          ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (04/06)                NOTICE OF APPEAL

DOCKETED ON CM
DEC - 8 2006
BY _____ 181

[Stamps: ENTERED CLERK, U.S. DISTRICT COURT NOV 16 2006 CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY]

[Stamp: FILED-SOUTHERN DIVISION CLERK, U.S. DISTRICT COURT NOV 15 2006 CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN BROCKOVICH,<br><br>    Plaintiff(s),<br><br>v.<br><br>TENET HEALTHCARE CORPORATION, a Nevada corporation; TENET HOSPITALS INC., a Delaware corporation; TENET HEALTHSYSTEM HOSPITALS INC., a Delaware corporation; TENET HEALTHSYSTEM HOLDINGS INC., a Delaware corporation; TENET HEALTHSYSTEM HEALTHCORP, a Delaware corporation; THE HEALTHCARE INSURANCE CORPORATION, a Cayman Islands company; HOSPITAL UNDERWRITING GROUP, INC. a/k/a HUG SERVICES, INC., a Tennessee corporation; and DOES 1 through 250, inclusive,<br><br>    Defendant(s). | CASE NO. CV 06-4542 DOC (MLGx)<br><br>**O R D E R** GRANTING <u>DEFENDANTS' MOTION TO DISMISS</u><br><br>___ Priority<br>✓ Send<br>___ Clsd<br>✓ Enter<br>✓ JS-5/JS-6<br>___ JS-2/JS-3<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

Before the Court is Defendants Tenet Healthcare Corporation, Tenet Hospitals, Inc., Tenet Healthsystem Hospitals, Inc., Tenet Healthsystem Holdings, Inc., Tenet Healthsystem Healthcorp, The Healthcare Insurance Corporation, and Hospital Underwriting Group, Inc.'s

Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). Defendants allege that Plaintiff lacks constitutional standing. After considering the moving, opposing and replying papers, as well as Plaintiff's oral argument, the Court finds that Plaintiff lacks constitutional standing and hereby GRANTS Defendant's Motion under Federal Rule of Civil Procedure 12(b)(1).

## I. BACKGROUND

Plaintiff Erin Brockovich is a California resident suing Defendants on behalf of the United States to recoup conditional Medicare payments. Defendants Tenet Healthcare Corporation, Tenet Hospitals, Inc., Tenet Healthsystem Holdings, Inc., and Tenet Healthsystem Healthcorp (collectively "Tenet") manage and operate hospitals participating in the Medicare program and carries its own professional liability insurance through use of self-insurance plans, self-insurance retentions, and captive insurance subsidiaries. Defendants The Healthcare Insurance Corporation ("THIC") and Hospital Underwriting Group, Inc., which is also known as Hug Services, Inc. ("Hug"), are a wholly or partially owned subsidiaries of Tenet and provides professional liability insurance coverage for Tenet and its subsidiary hospitals.

Medicare is a government program that provides health insurance benefits for persons above 65 years of age, for persons who are disabled, and for persons with end-stage renal disease. 42 U.S.C. § 1395c (2006). In response to the rising costs of Medicare, Congress enacted the Medicare Secondary Payer Act ("MSP"). The MSP designates certain private insurers as "primary payers" and Medicare as a "secondary payer" obligated to pay only for medical services not covered by a beneficiary's private insurance plan. In situations where the primary payer is unable to make payment in a timely manner, Medicare will issue conditional payments with the expectation that it will be reimbursed after determining that the primary payer was liable for the cost. If a primary payer fails to pay or reimburse Medicare, the MSP provides two causes of action. It allows the government to bring an action for double damages against a primary plan and also authorizes private causes of action for Medicare recipients to assist in enforcing the MSP. 42 U.S.C. § 1395y(b).

Plaintiff alleges that Defendants violated the MSP by injuring Medicare beneficiaries and

2

improperly billing Medicare for the costs associated with the treatment of those injuries. According to Plaintiff, Defendants abused and neglected their Medicare patients, prompting their obligation to pay or reimburse Medicare for treatment of injuries that resulted from Defendants' tortious conduct. Plaintiff brings this action on behalf of the United States for damages and to recover conditional payments. She does not allege that she is a Medicare recipient nor does she claim she was injured by Defendants' conduct. Plaintiff has not asserted that she is over 65 years of age, disabled, or suffering from end-stage renal disease; nor has she alleged that she is eligible to receive Medicare benefits.

## II. DISCUSSION

Defendants allege that Plaintiff lacks constitutional standing to bring this action because she does not claim to have suffered any personal harm resulting from their conduct. Article III, section 2 of the U.S. Constitution limits federal court jurisdiction to the resolution of "cases" and "controversies." Courts use the doctrine of constitutional standing to determine whether a suit involves a case or controversy. *E.g., DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854 (2006); *Lujan v. Defenders of Wildlife*, 405 U.S. 555, 560, 112 S. Ct. 2130 (1992). Constitutional standing is an "essential and unchanging part of the case or controversy requirement of Article III." *Lujan*, 504 U.S. at 560. It entitles a litigant to have his grievance resolved in federal court and reinforces the separation of powers between the three political branches. *Id.* at 559-60; *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S. Ct. 1858 (2000).

In order to have standing a plaintiff must satisfy three "irreducible constitutional minimum" requirements.

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (citations omitted).

Plaintiff asserted in her Opposition and again at oral argument that the MSP is a *qui tam* statute, and thus she has constitutional standing to bring this action based on the injury to the government. *Qui tam* actions are generally only permitted by statutes explicitly providing a cause of action for private parties to sue on behalf of the government. *See Stevens*, 529 U.S. at 776 (reviewing *qui tam* statutes enacted by the First Congress); *see also Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197 (1975) (noting that person who seeks relief based on third party's legal rights may have standing if Congress has expressly granted a right of action). "There is no common law right to maintain a *qui tam* action; authority must always be found in legislation." *Conn. Action Now, Inc. v. Roberts Plating Co., Inc.*, 457 F.2d 81, 84 (2d Cir. 1972) (citing *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 63 S. Ct. 379 (1942)); *see also Stevens*, 529 U.S. at 776 (finding no evidence of common law *qui tam* suits after reviewing history of *qui tam* actions). Although a statute may grant an express right of action to sue on behalf of the government, *qui tam* plaintiffs must still satisfy Article III standing. *Warth*, 422 U.S. at 501. Even though a *qui tam* plaintiff is not actually injured by a defendant's conduct, *qui tam* plaintiffs can satisfy the constitutional standing requirements through a "partial assignment of the Government's claim." *Stevens*, 529 U.S. at 773-74, 778 (concluding that government's injury in fact suffices to confer standing on *qui tam* plaintiffs under False Claims Act); *see also United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993) (holding that *qui tam* plaintiff has standing to sue based on injury to federal treasury under the False Claims Act).

Plaintiff and Defendants agree that the most notable *qui tam* statute is the False Claims Act ("FCA"). The FCA gives private parties a right to sue on behalf of the government against any person who presents a fraudulent claim for payment to the United States. *See* 31 U.S.C. § 3730. It expressly states that "[a] person may bring a civil action . . . for the person *and for the United States Government.*" 31 U.S.C. § 3730(b) (emphasis added).

Unlike the FCA, the MSP does not expressly authorize a private person to sue on behalf of the government. Rather, it provides two distinct causes of action for violation of the statute. The first one provides a right of action by the United States to recover payments from primary

4

payers. *See* 42 U.S.C. § 1395y(b)(20(B)(iii). It specifically states that "the United States may bring an action against any or all entities that are or were required or responsible to make payment . . . under a primary plan." 42 U.S.C. § 1395y(b)(2)(B)(iii). In a separate subsection, the MSP provides a cause of action for private parties where the primary plan fails to pay for services or reimburse the government. 42 U.S.C. § 1395y(b)(3). No language under the plain reading of the statute permits a private party to sue on behalf of the government. Therefore, Plaintiff lacks constitutional standing to bring this action.

In addition, there is no evidence to suggest that Congress intended for the MSP to be a *qui tam* statute. The MSP was amended to include a private cause of action during the same month and year that the FCA was amended to include the *qui tam* provision. *See* Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99-509, § 9319, 100 Stat. 1874 (1986); False Claims Amendments Act of 1986, Pub. L. No. 99-562, 100 Stat. 3153 (1986). The MSP's private cause of action provision was approved ten days after the FCA amendments. *See* 1986 U.S.C.C.A.N. 3868, 5266 (1986). "Obviously, then, when Congress wished to provide a [*qui tam* remedy], it knew how to do so and did so expressly." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 572, 99 S. Ct. 2479 (1979); *see also TransAmerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20-21, 100 S. Ct. 242 (1979) (holding that express private damages remedy contained in one statute and not in a related statute "strongly suggests" against inferring a private cause of action). Thus, recognizing the MSP as a *qui tam* statute would be contrary to Congress's apparent intent since it enacted the MSP contemporaneously with the FCA.

Moreover, Congress, in enacting the *qui tam* provisions in the FCA, ensured that the executive branch had sufficient control of the *qui tam* actions in accord with the Take Care Clause of Article II, which requires the executive branch to "take Care that laws be faithfully executed." U.S. Const. art. II, § 3. The Ninth Circuit has held that the *qui tam* provisions do not interfere with the executive branch's authority to enforce the laws. *See Kelly*, 9 F.3d at 752. The FCA provides procedural safeguards that afford the government some control in *qui tam* suits initiated by private parties. Specifically, the FCA requires that *qui tam* plaintiffs provide the government a copy of the complaint and other material information, allows the government

to intervene and take over the action, to move for dismissal, and to request a judicial stay if a *qui tam* plaintiff's suit interfered with government investigations. 31 U.S.C. § 3730(c). In contrast, the MSP provides no such procedural safeguards. The MSP only provides for a government cause of action and a private cause of action; two separate causes of action. These two provisions cannot be conflated to read the MSP as a *qui tam* statute. Therefore, Plaintiff has no standing to bring this action on behalf of the United States.

### III. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Defendants' Motion to Dismiss. Because these deficiencies in the Complaint could not possibly be cured by amendment, *see Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996), the Court DISMISSES WITH PREJUDICE Plaintiff's Complaint.

IT IS SO ORDERED.

DATED: November 15, 2006

                                                         DAVID O. CARTER
                                                         United States District Judge

# PROOF OF SERVICE

I, Karen Rush, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 500 Silver Spur Road, Suite 200, Rancho Palos Verdes, California 90275. On December 6, 2006, I served the within documents entitled:

- ☐ **NOTICE OF APPEAL**
- ☐ **United States Court of Appeals for the Ninth Circuit Civil Appeals Docketing Statement**
- ☐ **United States District Court Central District of California Transcript Designation and ordering Form**

__X__ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Rancho Palos Verdes, California, addressed as set forth in attached Service List.

__X__ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 6, 2006, at Rancho Palos Verdes, California.

I am readily familiar with Wilkes & McHugh's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Dated: December 6, 2006.

_____
Karen Rush

SERVICE LIST

<u>Counsel for Adventist Health, et.al.; Catholic Healthcare West; Tenet Healthcare, et al.; Universal Healthcare, et al</u>
Katharine A. Lauer
Ryan Harrigan
Kate McSpadden
Latham & Watkins
600 W. Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 238-2841   Facsimile: (619) 696-7419


<u>Counsel for Alta Healthcare System</u>
Ekwan E. Rhow
Benjamin N. Gluck
Bird, Marella, Boxer, at al.
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Telephone: (213) 201-2100   Facsimile: (213) 201-2110


<u>Counsel for Bevery Enterprises, Inc.</u>
Chris Burdett
Dechert LLP
One Mark
Steuart Tower, Suite 2500
San Francisco, CA 94104
Telephone: (415) 262-4500   Facsimile: (415) 262-4555


<u>Counsel for Centinela Freeman; Citrus Valley; Daughters of Charity, et al.; MemorialCare Medical Centers; Preferred Professional Insurance Co. & Advocate Insurance Resources; Valley Health System Service Corp.</u>
Lloyd A. Bookman
Cary W. Miller
Hooper Lundy & Bookman
101 W. Broadway, Suite 1105
San Diego, CA 92101
Telephone: (619) 744-7300   Facsimile: (619) 230-0987

| | |
|---|---|
| 1 | Counsel for Country Villa Service Corp, et al; Longwood Management Corp. |
| 2 | Charles E. Slyngdstad |
| 3 | Morris Polich & Purdy |
| 4 | 1055 West Seventh Street, Suite 2400 |
| | Los Angeles, CA 90017 |
| 5 | Telephone: (213) 891-9100    Facsimile: (213) 488-1178 |
| 6 | |
| 7 | HealthPlus Corp. |
| | Emmet Thornton |
| 8 | Mark L. Hirschberg |
| 9 | Emmet Thornton & Associates |
| | 2601 Ocean Park Blvd., Suite 208 |
| 10 | Santa Monica, CA 90405 |
| 11 | Telephone:            Facsimile: |
| 12 | |
| | Counsel for Kaiser Foundation Hospitals |
| 13 | Lawrence Cox |
| 14 | Arnold & Porter |
| | 777 S. Figueroa St. |
| 15 | Los Angeles, CA 90017 |
| 16 | Telephone: (213) 243-4022    Facsimile: (213) 243-4199 |
| 17 | |
| | Counsel for Kindred Healthcare, Inc., et al.; Mariner Health Care, |
| 18 | Inc. |
| 19 | Barry Landsberg |
| | Manatt Phelps and Phillips |
| 20 | 11355 W. Olympic Blvd. |
| 21 | Los Angeles, CA 90064 |
| | Telephone: (310) 312-4000    Facsimile: (310) 312-4224 |
| 22 | |
| 23 | |
| | Counsel for Life Care Centers of America, Inc. |
| 24 | Counsel for Manor Care, Inc. |
| 25 | Eric T. Jorgensen |
| | Jihoon Yoo |
| 26 | Reed Smith |
| 27 | 355 S. Grand Avenue, Suite 2900 |
| | Los Angeles, CA 90071 |
| 28 | Telephone: 310-457-8000    Facsimile: 310-457-8080 |

3

**SERVICE LIST**

Daniel A. Cody
Reed Smith
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111
Telephone: 415-543-877      Facsimile: 415-391-8269

Counsel for Pacific Health Corp.
Jerry R. Sparks
Fisher Sparks Grayson & Wolfe
9401 Wilshire Blvd., 11th Floor
Los Angeles, CA 90212-2924
Telephone: (310) 278-4300   Facsimile: (310) 278-5430

Providence Health System, et al.; Sisters of Charity, et al.
John R. Tate
Davis Wright Tremaine
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800   Facsimile: (213) 633-6899

Counsel for St. Joseph Health System
Nicola T. Hanna
Kristopher Diulio
Gibson Dunn & Crutcher
Jamboree Center, 4 Park Plaza
Irvine, CA 92614-8577
Telephone: (949) 45`-3800   Facsimile: (949) 451-4220

Antoinette D. Paglia
Gibson Dunn & Crutcher
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 229-7000   Facsimile: (213) 229-7520

4

**SERVICE LIST**

<u>The Ensign Group, et al.</u>
Thomas E. Beach
Andrew Whitman
Beach Whitman, L.P.
760 Paseo Camarillo, Suite 350
Camarillo, CA 92010
Telephone: (805) 388-3100    Facsimile: (805) 388-3414


<u>Counsel for Loma Linda University, et al.</u>
Jeffrey A. Levee
Erin L. Burke
Jones Day
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939        Facsimile: (213) 243-2539

**SERVICE LIST**